CORLEY *v.* LOGAN

1. ATTORNEY AND CLIENT—MALPRACTICE—LIMITATION OF ACTIONS—FRAUDULENT CONCEALMENT.

A malpractice action against an attorney may be maintained even though the suit was instituted against him more than two years after he ceased to represent the plaintiff, when a substitution of attorneys was entered on the record, if the plaintiff can prove that the attorney's filing an improper "ready for pretrial certificate" fraudulently concealed the attorney's potential liability; if the plaintiff can show fraudulent concealment, his malpractice action may be commenced at any time within two years after he discovered or should have discovered the existence of the malpractice claim (MCLA § 600.5855).

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law §§ 184–187.
[2] 41 Am Jur, Pleading §§ 340–343.

2. Judgment—Summary Judgment—Attorney and Client—Mal-
practice.

Malpractice action against an attorney was improperly ended by
summary judgment where the plaintiff claimed that the at-
torney's failures resulted in a dismissal of plaintiff's auto-
mobile negligence action for no progress, the attorney, in his
motion for summary judgment, contended that the dismissal
had caused no prejudice to plaintiff, and the dismissal was
most prejudicial in that plaintiff's subsequent attempt to bring
his action was held to have been barred by the *res judicata*
effect of the first dismissal.

Appeal from Wayne, Edward F. Bell, J. Submit-
ted Division 1 May 5, 1971, at Detroit. (Docket No.
9589.) Decided July 26, 1971.

Complaint by Henry Corley against James F.
Logan and Sheldon L. Miller for malpractice. Sum-
mary judgment for defendants. Plaintiff appeals.
Reversed and remanded.

*Bellinson & Doctoroff (Ronald D. Feldman,* of
counsel), for plaintiff.

*Plunkett, Cooney, Rutt & Peacock* (by *Charles F.
McGorisk*), for defendant Logan.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr* (by
*John M. Heaphy*), for defendant Miller.

Before: V. J. Brennan, P. J., and J. H. Gillis
and T. M. Burns, JJ.

T. M. Burns, J. One 1963 automobile accident has
fostered three lawsuits with three appeals and now
three opinions involving well over a dozen attorneys
to say nothing of time and expense. Still, Henry
Corley, plaintiff here, alleges injury and damages,
yet uncompensated, on which claim he deserves to

be heard. This present action is one for malpractice against two of his attorneys.

Plaintiff's initial cause in Wayne County Circuit Court, against the driver of an automobile which he claimed struck and injured him, was listed on the no-progress docket on September 30, 1966, after a year of inaction. On October 10, 1966, James F. Logan, the attorney for plaintiff at that time and a defendant here, filed a "ready for pre-trial certificate" thereby preventing dismissal of the action. However, a motion to strike said "certificate" and to dismiss said cause for lack of progress was made by counsel representing the driver in that litigation. Prior to any ruling on the motion, on March 28, 1967, Sheldon L. Miller, attorney and defendant here, filed an appearance in the matter on behalf of plaintiff. A substitution of attorneys for plaintiff was then executed and entered on the record at a later date. On August 25, 1967, the lower court invalidated the "ready for pre-trial certificate" after determining it to be a forgery and ordered dismissal of the cause for no progress.

A motion to reinstate, filed on September 1, 1967, by attorney Miller, was finally denied on November 10, 1967, after numerous adjournments and apparent failures by Miller to appear on plaintiff's behalf. That dismissal and denial to reinstate was affirmed by this Court in *Corley* v. *Krawczak* (1969), 16 Mich App 176.

Plaintiff's attempts to reinstitute his action against the driver failed when the lower court granted summary judgment to the driver on the grounds that the first dismissal was an adjudication on the merits barring any subsequent action. We approved that judgment in *Corley* v. *Krawczak* (1971), 34 Mich App 472.

Having lost any opportunity to obtain relief from the allegedly negligent driver, plaintiff commenced this litigation against attorneys Logan and Miller claiming that their conduct amounted to malpractice which prevented the possibility of his recovery for the injuries and damages sustained in the accident. From a circuit court grant of summary judgment in favor of defendants, this appeal ensues.

MCLA § 600.2912 (Stat Ann 1962 Rev § 27A.2912) provides for a civil action for malpractice against persons holding themselves out to be a member of a state-licensed profession. MCLA § 600.5805[3] (Stat Ann 1962 Rev § 27A.5805[3]) limits the period for beginning such action to two years. MCLA § 600.5838 (Stat Ann 1962 Rev § 27A.5838) governs when the action begins to run by specifying that:

"A claim based on malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose."

In addition, however, MCLA § 600.5855 (Stat Ann 1962 Rev § 27A.5855) provides:

"If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on this claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations."

In this action, plaintiff alleged that defendants were guilty of malpractice in failing properly to represent his interest. Defendant Logan answered and defended on the basis that he discontinued services for plaintiff on September 9, 1967, the date that the substitution of attorneys was entered, and that this action brought on November 6, 1969, was instituted beyond two years and is, therefore, barred by the statute of limitations. (See MCLA § 600. 5838, *supra.*) However, if plaintiff can prove that defendant Logan, by his conduct in filing an improper "ready for pre-trial certificate", fraudulently concealed his potential liability to plaintiff, then this action "may be commenced at any time within two years after the [plaintiff]  *  *  *  discovers or should have discovered, the existence of the claim  *  *  *  " for malpractice. (See MCLA § 600.5855, *supra.*) It is evident that there are factual issues here which need to be resolved by the trier of fact, and, as to defendant Logan, the matter was not ripe for summary judgment. See *International Union United Automobile Workers of America, A.F.L.,* v. *Wood* (1953), 337 Mich 8; *County of Saginaw* v. *Kent* (1920), 209 Mich 160; *Groendal* v. *Westrate* (1912), 171 Mich 92.

Defendant Miller, who did not claim that the statute of limitations barred plaintiff's action as to him, moved for summary judgment on the grounds that plaintiff suffered no prejudice by the original order of dismissal entered on November 10, 1967. Unfortunately, as we stated above, that dismissal was most prejudicial as it allowed for the operation of the doctrine of *res judicata* so as to bar plaintiff's subsequent litigation against the driver. See *Corley* v. *Krawczak* (1971), 34 Mich App 472. Therefore, such a defense was insufficient basis to allow for a grant of summary judgment to Miller. Wheth-

er or not plaintiff's claims against Miller support an action for malpractice is again a question for the trier of fact.

Therefore, we reverse this matter and remand for further proceedings consistent with this opinion. In view of our disposition of the issues as to defendant Logan, we need not, at this time, address ourselves to plaintiff's contention that the six-year statute of limitations for contracts, MCLA § 600.5807 (Stat Ann 1962 Rev § 27A.5807), is applicable.

Reversed and remanded. Costs to appellant.

All concurred.