550 P.2d 259

Rose Mary **STONER** and Thomas Stoner, husband and wife, Plaintiffs-Appellants,

v.

Taylor H. **CARR**, M.D., et al., Defendants-Respondents.

No. 11879.

Supreme Court of Idaho.

May 3, 1976.

Rehearing Denied June 18, 1976.

Jesse R. Walters of Derr, Derr, Walters & Cantrill, Boise, for plaintiffs-appellants.

Gary Theo Dance of Merrill & Merrill, Pocatello, for defendant-respondent Taylor H. Carr, M.D.

John G. St. Clair of St. Clair, St. Clair, Hiller, Benjamin & Wood, Idaho Falls, for defendants-respondents Sacred Heart Hospital, Inc. and Jane Doe.

ON REHEARING

McFADDEN, Chief Justice.

The previous opinion issued in this case on December 29, 1975, is withdrawn and this opinion is hereby substituted therefor.

Plaintiffs-appellants, Rose Mary and Thomas Stoner instituted this action against defendants-appellants, Taylor H. Carr, M. D., Community Hospital of Idaho Falls, Inc., and Jane Doe, to recover damages for malpractice. The district court, finding that the action was barred by the statute of limitations, I.C. § 5–219(4), granted a motion to dismiss on behalf of Dr. Carr and the Community Hospital. The plaintiffs appealed.

In their complaint, the plaintiffs allege that Dr. Carr performed surgery on Rose Mary Stoner at the Community Hospital on March 9, 1971, and that, at this time, a surgical needle was left in Mrs. Stoner's abdomen. The needle was discovered July 31, 1973, and was removed subsequently by a surgical procedure. The plaintiffs filed their complaint December 24, 1974, three years and nine months after the operation and seventeen months after discovery of the needle.

Their complaint was dismissed on the grounds that the action was barred by I.C. § 5–219(4), as amended.

"An action to recover damages for professional malpractice * * * when the

action is for damages arising out of the placement and inadvertent, accidental or unintentional leaving of any foreign object in the body of any person by reason of the professional malpractice of any hospital, physician or other person or institution practicing any of the healing arts * * *, the same shall be deemed to accrue when the injured party knows or in the exercise of reasonable care should have been put on inquiry regarding the condition or matter complained of; but in all other actions, whether arising from professional malpractice or otherwise, the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of; * * *, and, provided further, that an action within the foregoing foreign object or fraudulent concealment exceptions must be commenced within one (1) year following the date of accrual as aforesaid or two (2) years following the occurrence, act or omission complained of, whichever is later. * * *."

I.C. § 5–219(4) was extensively amended in 1971 (S.L.1971, Ch. 180 § 1), by adding, among other provisions, the one year limitation for actions to recover damages for professional malpractice arising from leaving a foreign object in the body.[1]

Prior to amendment, I.C. § 5–219(4) provided a two year statute of limitations for "an action to recover damages for an injury to the person * * * caused by the wrongful act or neglect of another." I.C. § 5–219(4). This court held that, under the statute prior to amendment, the limitation commenced to run either from the occurrence of the wrongful act, or from discovery of a foreign object or misdiagnosis or from the time when such foreign object or misdiagnosis should have been discovered. *Billings v. Sisters of Mercy of Idaho,* 86 Idaho 485, 389 P.2d 224 (1964)

(foreign object); *Renner v. Edwards,* 93 Idaho 836, 475 P.2d 530 (1970) (misdiagnosis). Thus, in essence, the statute of limitations for a malpractice action, prior to the 1971 amendment, was two years from the wrong or from notice, actual or implied, of the presence of a foreign object or of a misdiagnosis.

The plaintiffs argue that I.C. § 5–219(4) as it existed prior to amendment is the statute of limitations applicable to this action, contending that they had two years from discovery (July 31, 1973) within which to bring their action. The issue raised by this appeal concerns the time of accrual of plaintiffs' cause of action. If the cause of action accrued after the amendment to I.C. § 5–219(4) became effective March 24, 1971, then the plaintiffs' cause of action would be barred by the one year statute of limitation. If, on the other hand, the cause of action accrued prior to March 24, 1971, then the plaintiffs' cause of action would not be barred by the two year statute of limitation unless the 1971 amendment is applied retroactively.

 This court, in *Billings v. Sisters of Mercy of Idaho,* 86 Idaho 485, 389 P.2d 224 (1964), stated:

" * * * where a foreign object is negligently left in a patient's body by a surgeon and the patient is in ignorance of the fact, and consequently of his right of action for malpractice, the cause of action does not accrue until the patient learns of, or in the exercise of reasonable care and diligence should have learned of the presence of such foreign object in his body." 86 Idaho 497, 389 P.2d 232.

In *Renner v. Edwards,* 93 Idaho 836, 475 P.2d 530 (1970), this court, discussing I.C. § 5–219(4) prior to the 1971 amendment, explained the knowledge requirement for accrual of a cause of action in foreign object or misdiagnosis cases.

---

1. In Chapter 180, § 2, the legislature declared that an emergency existed and that the amendment should become effective upon approval. The act was approved March 24, 1971. S.L.1971, Ch. 180, § 2.

"* * * Our legislature did not define the *time of accrual* as being either the time of the performance of the negligent act or the time of the acquisition of knowledge of the negligent act. This was done by this Court. To adopt the 'discovery rule' is to imply the existence of knowledge as a requirement for the accrual of an action and thus supply knowledge as a statutory requirement." 93 Idaho 840, 475 P.2d 534.

The legislature, by the 1971 amendment to I.C. § 5–219(4), codified the knowledge requirement:

"* * * when the action is for damages arising out of the placement and inadvertent, accidental or unintentional leaving of any foreign object in the body of any person by reason of the professional malpractice * * *, the same *shall be deemed to accrue* when the injured party knows or in the exercise of reasonable care should have been put on inquiry regarding the condition or matter complained of * * *." (Emphasis added.)

Thus, after 1964, when *Billings v. Sisters of Mercy of Idaho, supra,* was decided, knowledge (actual or constructive) of a foreign object left in the body is required before the cause of action can be deemed to accrue in such cases. The statute of limitation in effect when the right of action is deemed to accrue defines that statutory period unless the legislature provides otherwise. The plaintiffs' cause of action here is deemed to have accrued July 31, 1973, when the surgical needle was discovered in Mrs. Stoner's abdomen. Thus, the statute of limitations began to run at this time. The statute, I.C. § 5–219(4), as amended, provided a one year limitation in cases involving foreign objects. The plaintiffs' complaint was filed December 24, 1974, almost seventeen months after discovery of the needle; thus, the action is barred by the statute of limitations, I.C. § 5–219(4).

The plaintiffs argue that the application of the 1971 amendment constitutes a retro-active application of the amendment because the wrong (leaving the surgical needle in Mrs. Stoner's body) occurred prior to the effective date of the 1971 amendment. However, this court has held otherwise:

"'A law is not retroactive merely because part of the factual situation to which it is applied occurred prior to its enactment; rather, a law is retroactive only when it operates upon transactions which have been completed or upon rights which have been acquired or upon obligations which have existed prior to its passage. [Citation omitted.] *In cases such as the present, the right to compensation does not accrue and the rights of the parties do not become fixed until the occurrence of the event, in this case appellant's disability, which gives rise to a cause of action. [Citations omitted.]'" Arnold v. Woolley,* 95 Idaho 604, 606, 514 P.2d 599, 601 (1973), quoting *Frisbie v. Sunshine Min. Co.,* 93 Idaho 169, 172, 457 P.2d 408, 411 (1969).

Under the circumstances of this case, the plaintiff's cause of action did not accrue until discovery; thus, the 1971 amendment was effective two years and four months prior to the accrual of the right of action and application of the 1971 amendment to a cause of action accruing in 1973 does not involve a retroactive application of law.

The plaintiffs also argue that the decision of this court in *Cook v. Soltman,* 96 Idaho 187, 525 P.2d 969 (1974), as applied to this case "makes the [1971] amendment inapplicable to Mrs. Stoner since her operation occurred prior to the effective date of the amendment. Her case is, therefore, governed by the pre-1971 *Billings* rule." In *Cook v. Soltman,* Cook sought to recover for the alleged malpractice of Dr. Soltman in failing to remove portions of a tree limb and shirt which had become implanted in the plaintiff's back. The court held that the case did not fall within the *Billings* discovery exception as Cook knew that the limb and shirt had penetrated his back and that the statute of limitation be-

gan to run at the time of the alleged wrongful act in 1962. As the action was not commenced until September 28, 1972, ten years after the alleged wrongful act, the court affirmed the district court's ruling that the action was barred by the statute of limitations. The court also stated that "[s]ince there is no expressed intent by the legislature to make the 1971 amendment retroactive, the statute as stated prior to the amendment applies *to this case*." (Emphasis added.) 96 Idaho 189, 525 P.2d 971. Upon the basis of this language, the plaintiffs argue that the 1971 amendment is not applicable because the alleged wrongdoing occurred prior to the 1971 amendment.

We cannot agree. In *Cook v. Soltman,* it was held that the plaintiff did not fall within the *Billings* foreign object exception and so the statute of limitation began to run from the date of the alleged wrongdoing; thus, only one date, 1962, the date of the alleged wrongdoing, was relevant to the statute of limitations question as raised in that case. Any statement in *Cook v. Soltman* implying that, in a foreign object case, the statute of limitations as enacted at the time of the alleged wrongdoing controls is dicta. As applied to this case, the plaintiffs' argument would require us to hold that because the alleged wrongdoing occurred March 9, 1971, prior to the enactment of the 1971 amendment, the 1971 amendment is not applicable but that the statute of limitations did not begin to run until the date of discovery, July 31, 1973. *Cook v. Soltman* does not dictate such a result.

`Judgment affirmed; costs to respondents.

SHEPARD, J. and SCOGGIN, District Judge (Retired), concur.

BAKES, Justice (dissenting):

In my view the majority opinion results in a retroactive application of the 1971 amendment to the statute of limitations which the legislature did not intend. This results from the overliteral interpretation which the majority have taken of the language from *Billings v. Sisters of Mercy of Idaho,* 86 Idaho 485, 389 P.2d 224 (1964), that "the cause of action does not accrue until the patient learns of, or in the exercise of reasonable care and diligence should have learned of the presence of such foreign object in his body [or in the case of *Renner v. Edwards,* 93 Idaho 836, 475 P.2d 530 (1970), the misdiagnosis]." In my view when the Court stated in those cases that the cause of action does not accrue until the patient learns of the negligence it was just a way of saying that the two year statutory period does not begin to run until the negligence is discovered. I don't believe the Court meant to say that the patient did not have a cause of action prior to the time of the discovery. The majority opinion seems to recognize this when it states:

"[In *Billings* and *Renner*] [t]his Court held that, under the statute prior to amendment, the limitation commenced to run either from the occurrence of the wrongful act, or from discovery of a foreign object or misdiagnosis or from the time when such foreign object or misdiagnosis should have been discovered [whichever was later]. (Citations omitted). Thus, in essence, the statute of limitations for a malpractice action, prior to the 1971 amendment, was two years from the wrong or from notice, actual or implied, of the presence of a foreign object or of a misdiagnosis [whichever occurred later]."

To state in this case that the plaintiff appellant's cause of action did not accrue until she discovered the foreign object left in her body, which was after the amendment in 1971, and therefore conclude that the application of the 1971 amendment to this case is not a retroactive application of the statute, is to miss entirely what the court was doing in *Billings* and *Renner.* The Court was not saying in those cases that the patient did not have a cause of action for the negligent conduct at the time that the negligence occurred. What it was saying was that the statute of limitations on that cause of action would not begin to run

until the patient was aware of the negligence; otherwise, an unjust result would occur.

The majority's reliance on the recent case of *Arnold v. Woolley*, 95 Idaho 604, 514 P. 2d 599 (1973), seems misplaced. In that case the Court held that a law is retroactive when it operates ". . . upon rights which have been acquired . . ." That is precisely the situation here. At the time that the surgical needle was allegedly left in Mrs. Stoner's abdomen on March 9, 1971, she then had a right under the existing statute to bring her action within two years after she discovered the needle. That was a right which she had acquired at that time. The subsequent amendment of the statute changed the right which she had acquired on March 9, 1971, and thus clearly comes within the language in *Arnold v. Woolley, supra,* defining a retroactive statute.

The retroactive effect of the action which the majority has taken would be even more apparent in cases other than foreign object cases. Thus, for example, if the plaintiff appellant's alleged cause of action had been for misdiagnosis as in the *Renner* case rather than the leaving of a foreign object in her body, and the misdiagnosis had been discovered on the same date, July 31, 1973, under the rule announced by the majority opinion she would never have had a cause of action. This necessarily follows from the majority's conclusion that she never had a cause of action until the discovery on July 31, 1973, and then the 1971 amendment is applicable. But, the 1971 amendment to I.C. § 5–219 purports to limit the discovery rule to foreign object and fraudulent concealment cases. It does not extend the discovery rule to misdiagnosis situations like the *Renner* case did. Thus, if this were a misdiagnosis case, then according to the majority the plaintiff would have had no cause of action under the law at the time of such a March 9, 1971, misdiagnosis, which would have been prior to the effective date of the 1971 amendment, because the cause of action did not accrue until she discovered the misdiagnosis on July 31, 1973. However, when you then apply the 1971 amendment to such a misdiagnosis case, there is no discovery rule and the cause of action accrues at the time of the occurrence on March 9, 1971. Thus, by applying the pre-1971 amendment version of I.C. § 5–219 to determine that plaintiff's cause of action, if it had been a misdiagnosis claim, accrued on July 31, 1973, and then using the post-1971 law to determine when the statute of limitations begins to run, i. e., in a misdiagnosis case at the time of the occurrence, on March 9, 1971, the effect of the majority opinion results in the statute of limitations running on a misdiagnosis cause of action four months before it accrues. This incongruity results if, as the majority has done, you apply the 1971 amendment to negligent conduct which occurred prior to the 1971 amendment. While it is questionable whether the *Billings* discovery rule should ever have been extended to misdiagnosis cases as was done in the *Renner* case, a retroactive application of the amendment to I.C. § 5–219, where none was indicated by the amendment, only serves to further complicate this area of the law.

The legislature has stated, "No part of these compiled laws is retroactive, unless expressly so declared," I.C. § 73–101, and this Court has said that such an intention must clearly appear. *Edwards v. Walker,* 95 Idaho 289, 507 P.2d 486 (1973). The majority's conclusion results in an unjustified retroactive application of the 1971 amendment.

The plaintiff appellant's complaint should be judged by I.C. § 5–219 as it existed at the time of the alleged negligence of the defendant. Judged in that way, the plaintiff's complaint was filed within two years of the discovery of the foreign object, and under the ruling of the *Billings* case the complaint should not have been dismissed.

The plaintiff has not raised, and the majority has not addressed itself to the question of the constitutionality of the 1971 amendment to I.C. § 5–219, which is therefore not at issue here.

DONALDSON, J., concurs.