575. P.2d 885

**Wayne L. MARTIN and Floyd W. Martin, Plaintiffs-Appellants,**

v.

**Verner R. CLEMENTS, Defendant-Respondent.**

**No. 12113.**

Supreme Court of Idaho.

March 8, 1978.

Gary L. Morgan, Caldwell, for plaintiffs-appellants.

Daniel W. O'Connell of Ware, Stellmon & O'Connell, Lewiston, for defendant-respondent.

McFADDEN, Justice.

Plaintiffs-appellants, Wayne L. Martin and Floyd W. Martin, the sons of Ernest C. Martin, deceased, brought this action against defendant-respondent, Verner R. Clements, an attorney, seeking damages resulting from alleged legal malpractice in the probate of their father's estate. This appeal is from an order of dismissal in favor of respondent. The district court dismissed

the action because it was "barred by the applicable statutes of limitation." The sole issue addressed on appeal is whether the applicable statute of limitation bars this action. We affirm the dismissal of the district court.

On May 8, 1938, Nellie B. Martin, the wife of Ernest C. Martin and the natural mother of appellants, died intestate. Respondent, an Idaho attorney, probated her estate including certain community farm property located in Nez Perce County that is involved in this appeal. This farm property was distributed to Ernest C. Martin, appellants' father, as his *separate property*. After the father remarried, respondent prepared a will for him which was duly executed and which in part provided:

THIRD: I hereby declare that I am married and that my wife's name is Mertice Martin, whom I married June 1, 1939, and that there is no issue of our marriage. I further declare that my wife, Mertice Martin is my second wife; that I was formerly married to Nellie B. Martin, who died May 8, 1938, and that I have as issue of my first marriage, two sons, to-wit:

Floyd Wesley Martin
Wayne LeRoy Martin

FOURTH: A portion of the property that I now own, both real, personal and mixed, is my own separate property, and not the property of the community composed of myself and my wife, Mertice Martin. I mention my wife, Mertice Martin to show that I have not forgotten her, and that I purposely exclude her from any share in my separate property and in my half of our community property which I may dispose of by will as the law permits, inasmuch as the share in our community property which my wife will receive as the law directs, will be adequate for her.

FIFTH: I do hereby give, devise and bequeath all of my estate, either real, personal or mixed, of whatsoever kind or character, and wheresoever situated, either community or separate, of which I may die seized or possessed, or which I may at the time of my death, have power to dispose of by will to my sons, Floyd Wesley Martin and Wayne LeRoy Martin, in equal shares, share and share alike.

Following the death of Ernest C. Martin in 1951, appellants and their stepmother, Mertice C. Martin, retained the respondent to probate Mr. Martin's estate. On July 17, 1954, a decree of distribution was entered, treating the farm property as the *community property* of Ernest C. Martin and Mertice C. Martin. Pursuant to the decree, one-half interest in the property was decreed to the appellants' stepmother as her community share of the property.

On June 7, 1974, appellants brought this damage action for legal malpractice against the respondent, alleging his negligence in the probate proceeding wherein their father's separate property was allegedly treated as community property. Appellants alleged that they did not discover the negligence until June 10, 1972, when advised by another attorney. Respondent's amended motion to dismiss was granted on August 25, 1975.[1] This appeal is from that order of dismissal.

Considerable argument is devoted by appellants to the question of whether I.C. § 5–219(4), as amended, is the applicable statute of limitation. Appellants assert that to apply amended I.C. § 5–219(4) to acts occurring in 1954 would result in an impermissible retroactive application of the statute. We agree.

Idaho Code § 5–219(4), prior to its 1971 amendment, provided a two year statute of limitation for actions to recover damages

1. A motion to dismiss a complaint under I.R. C.P. 12(b)(6) for failure to state a claim upon which relief can be granted admits the truth of the facts alleged and will be considered in the light most favorable to the non-moving party. *Walenta v. Mark Means Co.*, 87 Idaho 543, 394

P.2d 329 (1964). We have assumed, for purpose of this discussion, that appellants had no notice of the acts of alleged negligence until June 10, 1972, and therefore do not address the issue of whether appellants had constructive notice of respondent's action prior to this time.

for injury to the person. Effective March 24, 1971, I.C. § 5–219(4) was extensively amended by 1971 Idaho Sess. Laws Ch. 180, § 1, to provide a comprehensive professional malpractice statute of limitation governing all actions for "wrongful acts or omissions in the performance of professional services by any person, firm, association, entity or corporation licensed to perform such services under the law of the state of Idaho." Amended I.C. § 5–219(4) provides that an action to recover damages for professional malpractice shall be commenced within two years from the date the action has accrued, and, with certain exceptions not applicable here,[2] "the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of."

▮▮▮▮ The central controversy is whether application of amended I.C. § 5–219(4) to an action brought on June 7, 1974, involving an act of alleged negligence occurring in 1954 and discovered on June 10, 1972, would result in a retroactive application of this statutory provision. Idaho Code § 5–219(4), as amended, is not to be retroactively applied to a cause of action accruing before the effective date of the amendment. *Stoner v. Carr*, 97 Idaho 641, 550 P.2d 259 (1976); *Johnson v. Stoddard*, 96 Idaho 230, 526 P.2d 835 (1974); *Cook v. Soltman*, 96 Idaho 187, 525 P.2d 969 (1974). The dispositive question, therefore, is whether this cause of action accrued before or after March 24, 1971, the effective date of the amendment. If it accrued after this date, application of amended I.C. § 5–219(4) would not be retroactive. *Stoner v. Carr, supra.* However, if the cause of action accrued before this date, then the statute of limitation effective on that date of accrual would be the applicable statute of limitation. *Stoner v. Carr, supra.*

The question of when a cause of action accrues for purposes of the statutory limitation period was most recently addressed by this court in *Stoner v. Carr, supra.* That decision involved a foreign object negligently left in a patient's body by a physician. The alleged negligence occurred on March 9, 1971 (15 days prior to the effective date of amendment), was discovered on July 31, 1973, and an action for damages was brought on December 24, 1974. This court stated:

> The plaintiffs argue that the application of the 1971 amendment constitutes a retroactive application of the amendment because the wrong (leaving the surgical needle in Mrs. Stoner's body) occurred prior to the effective date of the 1971 amendment. However, this court has held otherwise:
>
>> " 'A law is not retroactive merely because part of the factual situation to which it is applied occurred prior to its enactment; rather, a law is retroactive only when it operates upon transactions which have been completed or upon rights which have been acquired or upon obligations which have existed prior to its passage. [Citation omitted.] *In cases such as the present, the right to compensation does not accrue and the rights of the parties do not become fixed until the occurrence of the event, in this case appellant's disability, which gives rise to a cause of action. [Citations omitted.]* '" *Arnold v. Wooley*, 95 Idaho 604, 606, 514 P.2d 599, 601 (1973), quoting *Frisbie v. Sunshine Min. Co.*, 93 Idaho 169, 172, 457 P.2d 408, 411 (1969).
>
> Under the circumstances of this case, the plaintiff's cause of action did not accrue until discovery; thus, the 1971 amendment was effective two years and four months prior to the accrual of the right of action and application of the 1971

2. I.C. § 5–219(4) provides that actions for damages for foreign objects negligently left in a patient's body and actions for damages for fraudulent concealment of misconduct in any professional malpractice action shall be deemed to accrue when the injured party knows or in the exercise of reasonable care

should have been put on notice of the condition. The period of limitation for these two exceptions is either one year from the date of accrual or two years from the date of the occurrence, whichever is later. Appellants do not allege fraudulent concealment by respondent of any of the actions herein complained.

amendment to a cause of action accruing in 1973 does not involve a retroactive application of law.

*Stoner v. Carr*, 97 Idaho at 643, 550 P.2d at 261. In resolving the issue, the court in *Stoner v. Carr* was aided by our earlier decision in *Billings v. Sisters of Mercy of Idaho*, 86 Idaho 485, 389 P.2d 224 (1964), in which this court had stated that a cause of action for negligent failure to remove a foreign object in a medical malpractice case did not accrue until the patient discovered or should have discovered the negligent act. In *Stoner v. Carr*, 97 Idaho at 643, 550 P.2d at 261, we stated:

> Thus, after 1964, when *Billings v. Sisters of Mercy of Idaho, supra*, was decided, knowledge (actual or constructive) of a foreign object left in the body is required before the cause of action can be deemed to accrue in such cases. The statute of limitation in effect when the right of action is deemed to accrue defines that statutory period unless the legislature provides otherwise. The plaintiffs' cause of action here is deemed to have accrued July 31, 1973, when the surgical needle was discovered in Mrs. Stoner's abdomen. Thus, the statute of limitations began to run at this time.

The "discovery" exception which tolls the accrual date of a cause of action until the act or omission is discovered or reasonably should have been discovered has only been applied by this court in two situations: foreign object, *Billings v. Sisters of Mercy of Idaho, supra;* and misdiagnosis, *Renner v. Edwards*, 93 Idaho 836, 475 P.2d 530 (1970). Thus, only in these two cases did a cause of action for malpractice accrue upon discovery of the negligent act, unless a new discovery exception is now enunciated by this court.

The court's reasoning in adopting the "discovery" exception was perhaps most clearly stated in *Renner v. Edwards*, 93 Idaho at 840, 475 P.2d at 534:

> Our legislature did not define the time of accrual as being either the time of the performance of the negligent act or the time of the acquisition of knowledge of the negligent act. That was done by this Court. To adopt the "discovery rule" is to imply the existence of knowledge as a requirement for the accrual of an action and thus supply knowledge as a statutory requirement. Conversely, to reject the rule is to imply that the legislature considered the requirement of knowledge as an element of accrual and deliberately excluded such terminology from the statute. Legislative inaction should not be ignored in determining legislative intent, but to imply such an intent in this case as a result of legislative inaction is unreasonable. *Berry v. Branner*, [245 Ore. 307, 421 P.2d 966 (1966)]. At the moment, our statutes, as most others across this country, are silent as to the interrelationship between "knowledge" and "accrual." We are required to reach a decision without assistance from our legislative brethren. We select the alternative interpretation of our statute, which we believe accords with our concept of justice and reason.

Since the 1970 decision in *Renner v. Edwards, supra,* and perhaps partially in response to that decision, our legislature in 1971 amended I.C. § 5–219(4) to define when a cause of action accrues for purposes of applying the statutory period of limitation in professional malpractice actions. Under amended I.C. § 5–219(4), a cause of action shall be deemed to have accrued as of the time of the act or omission complained, except that in *foreign object medical malpractice actions* and in *fraudulent concealment professional malpractice actions* the cause of action shall not be deemed to have accrued until the injured party discovers or reasonably should have discovered the negligent act or omission. However the clarification of the accrual date for professional malpractice actions contained in amended I.C. § 5–219(4) would not apply to an action accruing in 1954 unless the amendment is to be retroactively applied. *Cook v. Soltman, supra.* However, if this court should adopt a new "dis-

covery" exception for legal malpractice actions, application of I.C. § 5–219(4), as amended in 1971, to a cause of action discovered and thus accruing in 1972, would not be a retroactive application of the statute. *Stoner v. Carr, supra.* In view of the clear legislative intent of amended I.C. § 5–219(4), we expressly decline to create a new "discovery" exception for legal malpractice actions.[3] To so hold is to say that the amended statute does not govern this controversy. Nevertheless, we find this legislative enactment persuasive reasoning in declining to create an additional "discovery" exception for legal malpractice actions. This result is consistent with the reasoning of *Renner v. Edwards, supra.*

Prior to the amendment of I.C. § 5–219(4), absent a judicially-created exception, a malpractice action was deemed to have accrued as of the date of the complained occurrence, act or omission. *Billings v. Sisters of Mercy of Idaho, supra; Renner v. Edwards, supra.* Because we expressly decline to create a "discovery" exception for legal malpractice actions, appellants' cause of action in this case is deemed to have accrued in 1954.

■ The issue, however, still remains as to whether the cause of action is barred by the applicable statute of limitation. The statute in effect in 1954, the date appellants' cause of action is deemed to have accrued, is the applicable statute of limitation. *Stoner v. Carr, supra.* Whether we apply appellants' suggestion that I.C. § 5–224 [4] should apply, or respondent's suggestion that I.C. § 5–217 [5] is applicable, under either statute the action is barred within four years of the date of the occurrence. Under either statute, the statutory limitation period having expired in 1958, the action is now barred.

Order of dismissal affirmed. Costs to respondent.

DONALDSON, J., and SCOGGIN, D. J. (Ret.), concur.

BAKES, Justice, concurring specially:

Were it not for the fact that it does not have any effect on the outcome of this case, I would dissent from the Court's view that a discovery rule should not be applied in legal malpractice similar to the discovery rule which this Court has applied in medical malpractice cases. *See Billings v. Sisters of Mercy of Idaho,* 86 Idaho 485, 389 P.2d 224 (1964); *Renner v. Edwards,* 93 Idaho 836, 475 P.2d 530 (1970). However, under the ruling of this Court in *Stoner v. Carr,* 97 Idaho 641, 550 P.2d 259 (1976), a decision in which I did not concur, if a discovery rule is applied in legal malpractice cases the statute of limitations in this case would still have run.

*Stoner v. Carr, supra,* which applied a discovery rule, held that the cause of action does not accrue until it is discovered. In the *Stoner* case the discovery occurred after the amendment of I.C. § 5–219(4) in 1971, so the Court applied the amendment, even though, as in this case, the alleged negligent act occurred prior to the amendment. The Court nevertheless applied the amended statute because, in the Court's opinion, the cause of action did not accrue until discovered. The same is true in this case. Here, the discovery occurred after the 1971 amendment to I.C. § 5–219(4), and therefore as in *Stoner v. Carr* the 1971 amendment to the statute would be applicable to the facts of this case and the statute of limitations would have commenced running at the time of the occurrence in 1954. Thus, whether or not the discovery rule is

---

3. For other cases, see Annot., 18 A.L.R.3d 978 (1968).

4. 5–224. *Actions for other relief*—An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued.

5. I.C. § 5–217, when read in conjunction with I.C. § 5–214 provides a four-year statute of limitation on "(a)n action upon a contract, obligation or liability not founded upon an instrument of writing."

applied to legal malpractice, under *Stoner v. Carr* the statute of limitations would have run in this case and the defendant was entitled to a dismissal.

While I do not agree with the *Stoner v. Carr* rationale, the effect of that decision on the facts of this case moots the question of whether or not a discovery rule in the case of legal malpractice should be applied. The result would be the same in either event. Therefore, I concur in the dismissal of the plaintiff's complaint.

BISTLINE, Justice, dissenting.

In no way do I fault the rationale of the majority opinion, but I see the picture under a different light. The Court's opinion has the virtue of judicial integrity, because undoubtedly it will be wrongly interpreted as favoritism on behalf of the legal profession when contrasted with the Court's pioneer decisions adopting discovery rules in medical malpractice cases. *See, Renner v. Edwards*, 93 Idaho 836, 475 P.2d 530 (1970); *Billings v. Sisters of Mercy of Idaho*, 86 Idaho 485, 389 P.2d 244 (1964).

The choice facing the Court today is either to create a new discovery rule for legal negligence cases postured as is this one, or to defer to the legislative intent found in a statute which all agree does not apply to the present case. I would choose the former as the path which most "accords with our concept of justice and reason." *Renner v. Edwards*, 93 Idaho at 840, 475 P.2d at 534. The weight of authority in recent years clearly inclines toward applying a discovery rule to acts of legal negligence which, by their very nature, are rarely discovered until after the applicable statutes have run. *See, Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal.3d 176, 98 Cal.Rptr. 837, 419 P.2d 421 (1971); *Edwards v. Ford*, 279 So.2d 851 (Fla.1973); *Kohler v. Woollen, Brown & Hawkins*, 15 Ill.App.3d 455, 304 N.E.2d 677 (1973); *Corley v. Logan*, 35 Mich.App. 199, 192 N.W.2d 319 (1971); *Hendrickson v. Sears*, 365 Mass. 83, 310 N.E.2d 131 (1974).

The majority's decision to defer to the legislative intent found in the 1971 amendment to I.C. § 5–219(4) is defensible as a matter of general judicial practice. It seems to me, however, to be inappropriate in light of the heightened scrutiny which this Court has recently leveled at a legislative enactment designed to relieve the medical community from its own alleged malpractice insurance crisis. *Jones v. State Board of Medicine*, 97 Idaho 859, 555 P.2d 399 (1976).

It should also be noted that in several of the cases cited above, legal malpractice has been analyzed along the lines of a theory of "constructive fraud" because of the fiduciary relationship involved. Such an analysis would bring into play the discovery rule exception created in I.C. § 5–219(4). The important point to be made is that the atmosphere of trust and confidence which is integral to the maintenance of a healthy professional-client relationship can exist only when the professional is willing to admit and pay for his mistakes. There are very few who are not willing. In this instance, it is all too likely that the legal profession alone will be given the credit for the 1971 amendment, notwithstanding the fact that the benefits therefrom are more likely to be realized by the various companies underwriting malpractice insurance for any number of professions, including the legal profession.