918 P.2d 1221

**Cindy KNUDSEN, Plaintiff–Appellant,**

v.

**William J. AGEE, an individual, James Cook, an individual, and Morrison–Knudsen Corporation, a Delaware corporation, and John Does I through XV, Defendants–Respondents.**

No. 21784.

Supreme Court of Idaho.
Boise, January 1996 Term.

July 2, 1996.

Cosho, Humphrey, Greener & Welsh, P.A., Boise, for appellant. Richard H. Greener argued.

Elam & Burke, Boise, for respondents Morrison–Knudsen Corp. and William J. Agee. Carl P. Burke argued.

Skinner, Fawcett, & Mauk, Boise, for respondent James Cook.

McDEVITT, Chief Justice.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

William Agee, CEO of Morrison–Knudsen Corp. (MK), directed James Cook to secretly record the telephone communications of certain MK executives. Cook recorded phone conversations from March 12, 1991 through March 22, 1991. Cindy Knudsen was the secretary to one of the MK executives whose phone was wiretapped. Although not the target of the investigation and unbeknownst to Knudsen, a number of the recordings contained her work-related and personal telephone conversations made during that time period.

In January of 1992, the FBI contacted Knudsen to inform her of an investigation into MK's wiretapping. One month later, the FBI asked Knudsen to listen to some tapes containing recorded conversations. Knudsen identified her voice on the tape recordings.

On July 5, 1994, Knudsen filed suit in district court charging MK, Agee, and Cook with violating the Idaho Communications Security Act (ICSA), I.C. § 18–6701, *et seq.* The respondents moved for summary judgment on the grounds that the three year statute of limitations contained in I.C. § 5–

778

218(1) barred her claim. Knudsen argued that the limitation period should be measured from the moment she discovered her personal telephone conversations were secretly recorded. The district court held it was the legislature's province to create a discovery exception to the statutory liability limitation period. Since the last instance of wiretapping occurred in March of 1991, the court concluded the three year limitation period expired in March of 1994, some three months before Knudsen filed her complaint. As a result, the district court granted the respondents' motion for summary judgment.

## II.

### STANDARD OF REVIEW

■ Knudsen appeals the entry of summary judgment against her. As such, the Idaho Supreme Court reviews the matter just as the trial court would when ruling on the motion. *Thompson v. Pike,* 125 Idaho 897, 899, 876 P.2d 595, 597 (1994). When the facts are undisputed, as is this case, all that remains is a question of law which this Court freely reviews. *Friel v. Boise City Hous. Auth.,* 126 Idaho 484, 485, 887 P.2d 29, 30 (1994).

## III.

### THE DISTRICT COURT CORRECTLY HELD THAT NO DISCOVERY EXCEPTION TO THE STATUTE OF LIMITATIONS WAS CREATED BY THE IDAHO COMMUNICATIONS SECURITY ACT

■ This Court has held that in the case of foreign objects negligently left in a patient's body, the statute of limitations does not begin to run until the patient knew or should have known of the presence of the foreign object. *Billings v. Sisters of Mercy of Idaho,* 86 Idaho 485, 497–98, 389 P.2d 224, 232 (1964). This "discovery exception" was then extended to situations involving physician misdiagnosis. *Renner v. Edwards,* 93 Idaho 836, 839–40, 475 P.2d 530, 533–34 (1969).

In 1971, the Idaho Legislature amended the statute of limitations applicable to professional malpractice. Idaho Code § 5–219(4) allows a discovery exception in the case of negligently placed foreign objects in the body and in the case of fraudulent concealment,

but in all other actions, whether arising from professional malpractice or otherwise, the cause of action shall be deemed to have accrued as of the time of occurrence, act, or omission complained of, and the limitation period shall not be extended by reason of any continuing consequences or damages resulting therefrom....

I.C. § 5–219(4).

From that time forward, this Court has acted deferentially in the face of legislative action. *Martin v. Clements,* 98 Idaho 906, 910, 575 P.2d 885, 889 (1978); *Owyhee County v. Rife,* 100 Idaho 91, 94–95, 593 P.2d 995, 998–99 (1979); *Streib v. Veigel,* 109 Idaho 174, 178, 706 P.2d 63, 67 (1985); *Tingley v. Harrison,* 125 Idaho 86, 89–90, 867 P.2d 960, 963–64 (1994). In making its decision, the district court relied on the case of *Theriault v. A.H. Robins Co.,* 108 Idaho 303, 698 P.2d 365 (1985), which stated that "[s]ince the 1971 amendment, in deference to the legislative policy expressed therein, this Court has consistently refused to create additional discovery exceptions." *Theriault,* 108 Idaho at 308, 698 P.2d at 370.

In *Streib,* the Court noted that several jurisdictions have applied a discovery rule in similar contexts, and stated that "Idaho's abrogation of the discovery rule (with two statutorily noted exceptions) renders those decisions of jurisdictions which rely on a discovery rule of no assistance to us." *Streib,* 109 Idaho at 178–79, 706 P.2d at 67–68.

Thus, the respondents are correct that Idaho courts have an established history of deference to the Legislature's abrogation of the discovery rule.

■ Moreover, it appears that this is not a case where the judiciary is asked to defer in the face of legislative action, but rather one where the Court is asked to create an exception. Both parties concede that the ICSA is modeled after the federal wiretap statute, 18 U.S.C. § 2520. In 1986, Congress amended the federal statute to include the rule that

the statute of limitations for wiretapping suits begins once "the claimant first had a reasonable opportunity to discover the violation." 18 U.S.C. § 2520(e). The Idaho Legislature has not amended I.C. § 18–6709 since its enactment. Given the secretive nature of wiretapping and the fact of this legislative action, this Court is urged to find that a discovery exception to I.C. § 5–218(1) exists for claims brought under the ICSA. Where the negligence is "continuing," the statute of limitations does not accrue until the plaintiff suffers some damage. In *Streib*, the Court concluded that the accountant's negligent act was "continuing in nature until plaintiffs suffer[ed] damage." *Streib*, 109 Idaho at 179, 706 P.2d at 68. However, in the case of wiretapping, the damage is immediate. ICSA makes it a crime to willfully intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept any wire or oral communication. I.C. § 18–6702(1)(a). Upon proof of such an act, the plaintiff is entitled to recover "[a]ctual damages, but not less than liquidated damages computed at the rate of one hundred dollars ($100) a day for each day of violation or one thousand dollars ($1,000), whichever is higher." I.C. § 18–6709(a). Based upon our determination that in the case of wiretapping the damage is immediate, we hold that the statute of limitations began to run no later than the last day of wiretapping. The statute of limitations bars Knudsen's claim. *See Bonner v. Roman Catholic Diocese of Boise*, 128 Idaho 351, 913 P.2d 567, 568 (1996).

## IV.

### EQUITABLE ESTOPPEL

Knudsen also contends that the doctrine of equitable estoppel prevents the respondents from using the statute of limitations as a defense. Equitable estoppel is available to a plaintiff when the defendants, by their representations or conduct, kept the plaintiff from pursuing a cause of action during the limitation period. To be available, the plaintiff must show:

(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth, (2) the party asserting estoppel did not know or could not discover the truth, (3) the false representation or concealment was made with the intent that it be relied upon, and (4) the person to whom the representation was made or from whom the facts were concealed, relied and acted upon the representation or concealment to his [or her] prejudice.

*Twin Falls Clinic & Hosp. Bldg. v. Hamill*, 103 Idaho 19, 22, 644 P.2d 341, 344 (1982).

The district court found the equitable estoppel doctrine inapplicable, concluding that Knudsen had failed to show that MK by its representations or conduct dissuaded her from prosecuting her cause of action during the limitation period. The last instance of wiretapping occurred in March 1991. When the appellant discovered the fact of the wiretapping, she still had a little over two years to pursue her claim. Knudsen does not allege that during that time the respondents sought to dissuade her from pursuing her suit.

In the case at issue, Knudsen knew of the wiretapping prior to the running of the statute of limitations with adequate time prior to the running of the statute of limitations for her to have pursued her legal remedies. This Court finds that equitable estoppel is not applicable in this case.

## V.

### KNUDSEN'S MOTION TO AMEND HER COMPLAINT TO ADD MARY AGEE AS A DEFENDANT

In light of the conclusion that Knudsen's claim is time-barred, this Court need not address Knudsen's motion to amend.

## VI.

### CONCLUSION

The judgment of the district court is affirmed. Costs to the respondents.

JOHNSON, TROUT and SCHROEDER, JJ., and REINHARDT, Justice Pro Tem., concur.