353 P.2d 782

**E. A. WACKERLI and I. R. Clayton, d/b/a Wackerli & Company, Plaintiffs and Appellants,**

**v.**

**Vearold E. MARTINDALE and Marie Martindale, Defendants and Respondents.**

**No. 8835.**

Supreme Court of Idaho.
July 5, 1960.

**402**

A. A. Merrill, Idaho Falls, for appellants.

Holden, Holden & Kidwell, Idaho Falls, for respondents.

McFADDEN, Justice.

Plaintiffs (appellants) instituted this action seeking recovery of a real estate broker's commission allegedly earned through their efforts in producing a pur-

chaser for respondents' ranch located in Fremont County, Idaho.

Appellants in their amended complaint allege that the respondents, husband and wife, owners of certain real property, made, executed and delivered their written agreement, Exhibit "A", entitled "Real Estate Broker's Employment contract", authorizing appellants to sell respondents' ranch at a price of $68,000, and that appellants were to receive 5% as their commission. Exhibit "A" was signed only by the husband. Appellants also allege that because the number of cultivated acres of respondents' ranch did not conform to that represented in exhibit "A", it was necessary that the selling price be reduced. Accordingly, on April 20, 1959, exhibit "B" entitled: "Receipt and Agreement to Purchase", was entered into by the parties, being executed by both respondents, the portion pertinent herein providing:

"For valuable consideration I/we agree to sell and convey to the Purchaser the above described property on the terms and conditions hereinabove stated and agree to pay to the above named agent a commission of Three Thousand and no/100 ($3,-000.00) Dollars for services rendered in this transaction. I/we acknowledge receipt of a copy of the earnest money receipt bearing my/our signature and that of the Purchaser named above. In case the Purchaser fails to comply with any of the conditions of this Agreement, then one-half of the earnest money receipted for shall be retained by the broker, provided the amount to the broker does not exceed the agreed upon commission due and the balance shall be paid to the undersigned.

"Dated this 20th day of April, 1959.
"/s/ Vearold E. Martindale
Marie Martindale

"Purchasers must sign this offer by April 21, 1959 or offer is void."

When respondents signed the foregoing exhibit "B", the purchasers had not signed it. Appellants then allege that respondents were informed by appellants that the latter would take exhibit "B" to Fremont County the next morning (April 21, 1959) to obtain the purchasers' signatures and, that prior to leaving the next day, appellants were approached by respondent Vearold E. Martindale, and informed he had changed his mind, did not want to sell said ranch and would not be bound by the terms of exhibit "B".

Respondents moved to dismiss the amended complaint on the ground of failure to state sufficient facts upon which relief could be granted. The trial court granted respondents' motion and entered its order dismissing the amended complaint without leave to amend, from which order appellants perfected this appeal. On appeal counsel have differed on construction of the phrase inserted in Exhibit "B": "Purchasers must sign this offer by April

21, 1959, or offer is void:" appellants' contention being that the phrase does not create any duty of procuring the purchasers' signatures, but that their obligation was merely to find the buyer ready, willing and able to purchase, and that appellants' offer to procure the signature was nothing more than a mere act of courtesy. Respondents, on the other hand, contend that the phrase establishes a condition precedent to their liability to pay the commission, and the condition not having been fulfilled, the action was properly dismissed.

■ The motion to dismiss presented under IRCP 12(b) (6), has generally been viewed with disfavor because of the possible waste of time in case of reversal of a dismissal of the action, and because the primary objective of the law is to obtain a determination of the merits of the claim. Rennie & Laughlin, Inc. v. Chrysler Corp., 9 Cir., 1957, 242 F.2d 208; 1A Barron & Holtzoff's Federal Practice and Procedure 360, § 356, states the rule as follows:

> "All that is required in the complaint is a generalized statement of facts from which the defendant may form a responsive pleading.—Even though the court may believe that the plaintiff will ultimately be unable to prove. the allegations of his complaint, the complaint should not be dismissed so long as there is any possibility that the plaintiff will ultimately prevail."

2 Moore's Federal Practice (2d ed.) Sec. 1208, quoting from De Loach v. Crowley's Inc., 5 Cir., 128 F.2d 378, 380, states

> " 'A (complaint) may be dismissed on motion if clearly without merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim.' But a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Pleadings are to be liberally construed. Mere vagueness or lack of detail is not ground for a motion to dismiss * * *."

■■ Thus, even assuming, without deciding, that the phrase contained in Exhibit "B" "Purchasers must sign this offer by April 21, 1959, or offer is void" devolved upon appellants the duty asserted by respondents, nevertheless, a claim is stated, for respondents cannot now complain of its nonfulfillment after their alleged repudiation prior to the time its performance was due. The rule applicable to the situation is not new or novel. In Bu-Vi-Bar Petroleum Corp. v. Krow et al., 10 Cir., 40 F.2d 488, 491, 69 A.L.R. 1295, the court said:

"After the renunciation of the contract by defendant, on March 22, plaintiffs were excused from performing or tendering performance of the contract upon their part, so long as the repudiation was not retracted, and for a reasonable time thereafter. When one party to a contract gives notice to the other party, before the latter is in default, that he will not perform such contract on his part and does not retract such notice before performance on his part is due, such other party is entitled to enforce the contract without previously performing or offering to perform the provisions of the contract upon his part in favor of the former party. (Citations) *The law does not require a vain and idle ceremony.* (Citations) *The rule applies to a condition precedent.* * * * (Emphasis supplied.) Williston on Contracts, Vol. 11 §§ 767, 768."

To the same effect see Restatement, Contracts § 306 (1932).

Accepting the facts of the complaint as true, we therefore conclude that whatever respondents' rights to require compliance with Exhibit "B" quoted above, were lost by their repudiation prior to the time performance of the condition became due.

Respondents raised some question concerning the lack of Mrs. Martindale's signature on Exhibit "A". This is immaterial since appellants have predicted their right of recovery under the terms of Exhibit "B" signed by both respondents.

Appellants allege that Exhibit "B", copy of which is attached to their complaint, was made and signed by the defendants; for the purposes here we must accept this allegation as true. Davis v. Turner, 5 Cir., 197 F.2d 847; Leimer v. State Mut. Life Assur. Co. of Worcester, Mass., 8 Cir., 108 F.2d 302; Idaho Maryland Mines Corp. v. United States, 1952, 104 F.Supp. 576, 122 Ct.Cl. 670; 1A Barron & Holtzoff Federal Practice and Procedure 321 § 350; Accepting the allegation that Exhibit "B" was made by respondents, it will be construed most strongly against the party preparing it or employing the words concerning which doubt arises. Ries v. Pacific Fruit & Produce Co., 50 Idaho 140, 294 P. 336; Stone v. Bradshaw, 64 Idaho 152, 128 P.2d 844; Idaho Falls Bonded Produce & Supply Co. v. Egbert, 79 Idaho 196, 313 P.2d 327. On trial, all the facts and circumstances surrounding the transaction will be presented, so that the appropriate rule of construction of the contract itself concerning the phrase "by April 21, 1959" can be applied. Here, we are bound only by the allegations of the complaint. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80. It is not beyond doubt that appellant can prove no set of facts in support of his claim which would entitle him to relief.

The cause is reversed with instructions to reinstate appellants' amended complaint. Costs to appellants.

SMITH, KNUDSON and McQUADE, JJ., concur.

TAYLOR, C. J., sat at the hearing, but did not participate in the decision.