394 P.2d 329

**Thomas R. WALENTA, Plaintiff-Appellant,**

**v.**

**MARK MEANS CO., Inc., a corporation, and Vernon C. Storey, Defendants-Respondents,**

**and**

**Donald E. Hadley, Defendant.**

**No. 9373.**

Supreme Court of Idaho.

July 29, 1964.

544

W. C. MacGregor, Jr., Grangeville, Paul C. Keeton, Lewiston, for appellant.

Cox, Ware, Stellmon & O'Connell and Morgan & Morgan, Lewiston, for respondents.

SMITH, Justice.

Appellant (plaintiff) has appealed from a judgment of dismissal, as against respondents Mark Means Co., Inc., and Vernon C. Storey, entered pursuant to I.R.C.P. 12(b) (6), for alleged failure to state a claim upon which relief can be granted. Appellant, in his specifications of error, contends that the trial court erred in granting the judgment for the reasons: (1) that the allegations contained in his complaint state a claim upon which relief can be granted; and (2) that a jury should determine "whether there was an intervening efficient cause as would prevent the negligence charged against * * * defendants [respondents] Mark Means Co., Inc., and Vernon C. Storey, from being the proximate cause of plaintiff's injuries and damages."

In his complaint appellant alleges that about 1:35 p. m. on September 23, 1961, he, accompanied by two other persons, was driving his automobile on U. S. Highway 95 in a southerly direction toward Lewiston, Idaho; that at that time and place a pickup truck, owned by respondent Mark Means Co., Inc., driven by respondent Storey, was also proceeding southerly on such highway; that the pickup was towing a fertilizer spreader, at a distance of about 200 feet ahead of appellant's vehicle; that suddenly and without warning, the spreader broke loose from the pickup truck, spun into the northbound lane of traffic, and col-

lided with an automobile proceeding in a northerly direction, thereby blocking the highway; that appellant immediately applied his brakes in order to prevent colliding with the spreader and with the northbound vehicle which had swerved into the southbound lane of traffic after striking the spreader; that at this sequential time and place, another automobile being driven southerly on said highway by defendant Hadley collided with the rear of appellant's vehicle, forcing it off the west side of the highway into a borrow pit, and then through a wire fence into a plowed field; that thereby appellant suffered personal injuries and damages to his automobile for which he seeks recovery.

Appellant alleges that respondent Storey, as the employee of respondent Mark Means Co., Inc., was negligent in driving the pickup at a reckless rate of speed while pulling a heavy fertilizer spreader immediately prior to the accident; in failing to attach the spreader securely to the pickup, including the use of safety chains, so as not to become disconnected while being pulled on the public highway; in failing to inspect the trailer mechanism by which the spreader was attached to the pickup; and in not observing, immediately prior to the accident that the spreader was becoming disconnected from the pickup.

Appellant alleges that defendant Hadley was negligent in driving his automobile at a reckless and dangerous rate of speed in excess of 60 miles per hour, and in failing to keep a proper lookout for traffic on the highway, including appellant's automobile; in driving his automobile in such a manner particularly in following appellant's automobile "too close", which made it impossible for him to stop in time to avoid colliding with the rear of appellant's automobile; and in failing to drive with due care, caution and circumspection.

Appellant then alleges that the acts of defendant and respondents were joint and concurrent and the proximate cause of appellant's damages and injuries.

The trial court approached the motion to dismiss of respondents Mark Means Co., Inc., and Storey, on the premise, taken from the court's memorandum decision:

"The sole question involved is whether or not the negligence of the defendant Storey was the proximate cause of the injury to the plaintiff."

The trial court granted the motion to dismiss on the theory that the alleged negligent acts of respondents and defendant were not concurrent, as appellant alleges, but were successive; that defendant Hadley's negligence was the proximate cause, and that of respondent Storey was the remote cause, of the accident; that if an injury is only the indirect or remote result of alleged negligence, then such negligence

must have been foreseen or anticipated in the light of the attending circumstances; and that respondent Storey could not have foreseen or anticipated that his negligence would cause defendant Hadley to run into appellant's car under the circumstances alleged.

Succinctly stated, the trial judge's theory in granting the motion rested on the ground that the chain of proximate causation, put in motion by Storey's alleged negligence, was broken by an efficient intervening cause, without which the injury would not have occurred, i. e., Hadley's alleged negligence which proximately caused the injury was only remotely contributed to by the alleged negligence of the original tort-feasor Storey, under circumstances not foreseeable.

■ A motion to dismiss a complaint on the ground of failure to state a claim upon which relief can be granted, I.R.C.P. 12(b)(6), admits the truth of the facts alleged, and all intendments and inferences that reasonably may be drawn therefrom, and such will be considered in the light most favorable to the plaintiff. Williams v. Williams, 82 Idaho 451, 354 P.2d 747 (1960); see also Wackerli v. Martindale, 82 Idaho 400, 353 P.2d 782 (1960).

It is to be discerned from the alleged circumstances, that the accident required the negligence of both tort-feasors; if Storey had not been negligent in allowing the towed spreader to come loose from the pickup, appellant would not have had to apply the brakes of his automobile to avoid colliding with the spreader; and if appellant had not so applied the brakes, defendant Hadley would not have driven his automobile into the rear of appellant's automobile. Thus, under the allegations of the complaint, the independent tortious acts of both alleged tort-feasors must be regarded as concurrent, even though they were successive in the respect that the negligence of the second tort-feasor allegedly occurred after that of the first tort-feasor, separated by only a moment of time.

Pigg v. Brockman, 85 Idaho 492, 501, 381 P.2d 286, 291 (1963), supports the proposition that there may be more than one proximate cause of an injury; the quotation taken from that case touching thereon, is as follows:

"It is elemental that there may be two or more proximate causes of an injury. These may originate from separate and distinct sources or agencies operating independently of each other; yet if they join and concur in producing the result complained of, the author of each cause may be held liable for the injuries inflicted, * * *."

The subject of concurrent negligent acts as efficient proximate causes contributing to the injury is treated in Woodman v. Knight,

85 Idaho 453, 459, 380 P.2d 222, 226 (1963), in language as follows:

> " 'Where several causes producing an injury are concurrent and each is an efficient cause without which the injury would not have happened, the injury may be attributed to all or any of the causes, and recovery may be had against any or all of the responsible persons.' 65 C.J.S. Negligence § 110c, page 683.
>
> " ' * * * where the independent tortious acts of two or more persons supplement one another and concur in contributing to and producing a single indivisible injury, such persons have in legal contemplation been regarded as joint tort-feasors, notwithstanding the absence of concerted action.' 52 Am. Jur., Torts, § 112, page 451."

Russell v. City of Idaho Falls, 78 Idaho 466, 479, 305 P.2d 740, 748 (1956), quotes with approval the rule, taken from a jury instruction approved in Valles v. Union Pac. R. Co., 72 Idaho 231, 238, 238 P.2d 1154, 1158 (1951), as follows:

> " ' * * * Accordingly, where several causes combine to produce injuries, a person is not relieved from liability because he is responsible for only one of them, it being sufficient that his negligence is an efficient proximate cause, without which the injury would not have resulted, * * *. It is no defense to any one of the several defendants that the injury would not have resulted from his negligence alone, without the concurrent negligence or wrongful act of the other defendants.' "

■ Ordinarily, the jury must determine whether the factual situation presented constitutes an intervening efficient cause relied upon to prevent the negligence charged from being the proximate cause. Mitchell v. Branch, 45 Haw. 128, 363 P.2d 969 (1961); Mautino v. Piercedale Supply Co., 338 Pa. 435, 13 A.2d 51 (1940); Dougherty v. Hall, 70 Ohio App. 163, 45 N.E.2d 608 (1942).

■ The question of foreseeability is also regarded as a question of fact for determination by the jury. This rule is well supported by Dewey v. Keller, 86 Idaho 506, 515, 388 P.2d 988, 993 (1964), in language as follows:

> " * * * It was for the jury to determine whether after the initial negligence * * * there was a totally unanticipated, intervening and superseding cause which in fact became the proximate cause of the accident, and whether the antecedent negligence * * * was therefore not the proximate cause or a contributing proximate

cause of the accident. * * * Under the principles as announced by this court, before an intervening superseding cause of an accident can become the sole proximate cause of the injury, and thus relieve the first negligent wrongdoer of liability, such subsequent cause must have been unforeseen, unanticipated and not a probable consequence of the original negligence. * * * The intervention of a third person's negligence or of other and new direct causes of injury does not preclude recovery against the original negligent actor if the injury was the natural or probable result of the original wrong. * * *

" * * * The question of foreseeability and natural or probable consequence is a question of fact for the jury to determine. * * *"

See also Weaver v. Sibbett, 87 Idaho 387, 393 P.2d 601 (1964); Hackworth v. Davis, 87 Idaho 98, 390 P.2d 422 (1964); Shaffer v. Adams, 85 Idaho 258, 378 P.2d 816 (1963); Smith v. Sharp, 82 Idaho 420, 354 P.2d 172 (1960); Hoffman v. Barker, 79 Idaho 339, 317 P.2d 335 (1957).

■ The determination of what constitutes the proximate cause of an accident is essentially a jury question, unless the proof is so clear that different minds cannot reasonably draw different conclusions or where all reasonable minds would construe the facts and circumstances in only one way. Hoffman v. Barker, supra; Anderson v. Blackfoot Livestock Commission Co., 85 Idaho 64, 375 P.2d 704 (1962); Rosevear v. Rees, 77 Idaho 270, 291 P.2d 856 (1955); Valles v. Union Pac. R. Co., supra; Alsup v. Saratoga Hotel, 71 Idaho 229, 229 P.2d 985 (1951); Hooten v. City of Burley, 70 Idaho 369, 219 P.2d 651 (1950); Mason v. Hillsdale Highway Dist., 65 Idaho 833, 154 P.2d 490 (1945).

■■ In disposing of the issues raised by this appeal, the following statement from Wackerli v. Martindale, supra, is also pertinent:

"A complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Emphasis supplied.) 82 Idaho at 405, 353 P.2d at 785.

See also Peterson v. Idaho First National Bank, 83 Idaho 578, 367 P.2d 284, 92 A.L.R. 2d 891 (1961); Williams v. Williams, supra.

The judgment of dismissal is reversed and the cause remanded.

Costs to appellant.

KNUDSON, C. J., and McQUADE, McFADDEN and TAYLOR, JJ., concur.