506 P.2d 112

The IDAHO COMMISSION ON HUMAN RIGHTS et al., Plaintiffs-Appellants,

v.

Thomas CAMPBELL, Principal, Bonneville High School, et al., Defendants-Respondents.

No. 11090.

Supreme Court of Idaho.

Feb. 7, 1973.

**216**

---

W. Anthony Park, Atty. Gen., Donald E. Knickrehm, Asst. Atty. Gen., Boise, for plaintiffs-appellants.

Ferebauer & Whyte, Idaho Falls, for defendants-respondents.

McFADDEN, Justice.

The Idaho Commission on Human Rights (plaintiffs-appellants, hereinafter referred to as the Commission), created by I.C. § 67–5903, instituted this action to enjoin the named defendants-respondents from enforcing regulations adopted by respondent school district pertaining to acceptable standards for the length of hair for male students. The Commission initially became involved when students and parents of students charged there was unlawful discrimination by the administration of the high school. The parents asserted that there had been a violation of I.C. § 67–5909(6)(a), which prohibits educational institutions from discriminating against students on the basis of sex.

After attempting to resolve the dispute between the parents and the high school administration, the Commission filed its amended complaint seeking injunctive relief from the enforcement of the hair length regulations. The amended complaint alleged that the principal of the high school enforced the hair length regulations adopted by the Board of Trustees of the school district which were applicable only to male students. The Commission also filed a motion for an order to show cause and a preliminary injunction with supporting affidavits.

The district court refused to issue an order to show cause and set for hearing the motion for a preliminary injunction. In response to appellants' amended complaint and motions, the respondents filed a motion to dismiss the action for lack of jurisdiction, a motion to dismiss the amended complaint for its failure to state a claim upon which relief could be granted, and also a motion to strike portions of the appellants' amended complaint. In accordance with the trial court's request, the parties submitted briefs in support of their respective positions concerning the scope of I.C. § 67–5909. Thereafter the trial court entered its memorandum decision concluding that the action should be dismissed, and the judgment of dismissal was entered. It is from this judgment that the appellants have appealed.

The essence of this appeal concerns the scope of I.C. § 67–5909 which states in pertinent part,

"[i]t shall be a prohibited act to discriminate against a person because of, or on a basis of, race, color, religion, *sex* or national origin, in any of the following:

\* \* \* \* \* \*

(6) For an educational institution;

(a) to exclude, expel, limit or otherwise discriminate against an individual seeking admission as a student or an individual enrolled as a student in the terms, conditions, and privileges of the institution \* \* \*." (Emphasis supplied.)

Although this statutory provision explicitly prohibits discrimination on the basis of

sex, the district court held in its memorandum opinion that I.C. § 67–5909 referred to sexual discrimination in employment only. In arriving at this conclusion the district court reasoned that the preamble to the statute, I.C. § 67–5901(2),[1] controlled over the later, more specific provision found in I.C. § 67–5909. The preamble limits discrimination on the basis of sex to areas connected with employment. The district court thus favored the principles announced in the preamble to the more explicit provisions of the statute.

By its nature a preamble is prefatory and declarative of public policy. Since the preamble is indicative of the legislative purpose only, it is not conclusive nor does it confer or enlarge powers. 50 Am.Jur., Statutes, § 152, pp. 131–132. The preamble's purview does not extend to more explicit statutory provisions. State ex rel. Arn v. Consumers Co-op Ass'n, 163 Kan. 324, 183 P.2d 423 (1947); In re Bale, 63 Wash.2d 83, 385 P.2d 545 (1963). See, Curly's Dairy v. State Dept. of Agriculture, 415 P.2d 740 (Or.1966). When the preamble conflicts with a later more specific unambiguous statutory provision, the latter is considered to be an exception to the preamble. Sakrison v. Pierce, 66 Ariz. 162, 185 P.2d 528 (1947); 82 C.J.S. Statutes § 349, pp. 730–731. Here the specific provision of I.C. § 67–5909 controls.

The district court in dismissing the appellants' amended complaint held that the pleadings must show facts of unlawful discrimination. The appellants' complaint alleged facts showing that the respondents were discriminating against male students in violation of the provisions of I.C. § 67–5909. Had the respondents desired further detail concerning the basis of the appellants' claim, the Idaho Rules of Civil Procedure provide several procedures to obtain more factual detail. Rule 12(e) provides for a motion for more definite statement. Rules 26(a) and 33 authorize the taking of depositions by oral examination or written interrogatories. This Court has held that every reasonable intendment will be made to sustain a complaint against a motion to dismiss for failure to state a claim. Wackerli v. Martindale, 82 Idaho 400, 353 P.2d 782 (1960); Stewart v. Arrington Constr. Co., 92 Idaho 526, 446 P.2d 895 (1968).

The judgment of dismissal of the appellants' amended complaint for failing to state a claim upon which relief can be granted is reversed, and the cause remanded for further proceedings. Costs to appellants.

DONALDSON, C. J., and McQUADE and BAKES, JJ., concur.

SHEPARD, Justice (dissenting).

I dissent from the concluding language of the majority opinion. The majority evidently loses sight of the nature of the action which was one for injunctive relief. The majority opinion further ignores the rationale for the decision of the district court. In his memorandum opinion, the district judge stated:

"The question, basically, is whether the regulation of the defendants is unreasonable and arbitrary. *Yet the Attorney General wants me now, merely on the basis of his complaint and without any further proceeding, to determine ex parte, that the regulation is unreasonable and enjoin the enforcement of that regulation. If he wants me to make that determination, I suggest that he must plead*

---

1. I.C. § 67–5901.
   "The general purposes of this act are
   (1) * * *
   (2) To secure for all individuals within the state freedom from discrimination because of race, color, religion or national origin in connection with employment, public accommodations, education and real property transactions, and discrimination because of sex in connection with employment, and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights and privileges of individuals within the state.

*it. I decline to do so without an evidentiary hearing,* and would dismiss his complaint based upon the theory that *discrimination* between the sexes, without further showing, is unreasonable. In short, the complaint shows that there has been a differentiation between the sexes but that is a far cry from unlawful discrimination." (Emphasis supplied)

I suggest further that the regulation enacted by the school board carries the standard and orthodox presumption of validity since this action was not brought under constitutional theories as was the case of Murphy v. Pocatello School District, 94 Idaho 32, 480 P.2d 878 (1971).