835 P.2d 1346

**Melissa D. HARPER, Plaintiff–
Appellant,**

v.

**Rodney S. HARPER, Defendant–
Respondent.**

No. 19420.

Court of Appeals of Idaho.

July 29, 1992.

Spencer E. Daw, Idaho Falls, for plaintiff-appellant.

Simpson, Gauchay & Gardner, Idaho Falls, for defendant-respondent. Craig W. Simpson, argued.

WALTERS, Chief Judge.

This is an appeal from an order granting a motion under I.R.C.P. 12(b)(6) to dismiss a complaint for failure to state a claim. For the reasons below, we reverse the order and remand the case for further proceedings.

Melissa Harper filed an action in February, 1991, against her former husband, Rodney Harper, seeking relief from a divorce decree granting an alleged unequal division of property. The decree had been entered the previous year, in February, 1990. Melissa's complaint contains the following assertions, which, for purposes of a motion under Rule 12(b)(6), are taken as true. Rodney was in charge of the finances during the marriage and Melissa did not know the value of their marital property. At the time he filed for divorce, Rodney told Melissa that in order to save expense, his attorney would do the legal work for both parties. Rodney assured Melissa she would receive an equal share of the parties' community property, knowing full well at the time that this representation was false. In reliance on Rodney's representations and false assurances, Melissa did not contest the divorce action or immediately question the property division set forth in the final decree. Later, however, she began to doubt Rodney and did an accounting of her own. This accounting revealed that Rodney had received a net positive value of approximately $12,000 under the decree, but that Melissa had received a net negative value of approximately $2,000. In her prayer for relief Melissa asked the court to set aside the original decree and to make a new, equal division of the community property.

Before filing an answer to Melissa's complaint, Rodney timely moved for dismissal under I.C.R.P. 12(b)(6) on the ground that the complaint failed to state a claim upon which relief could be granted. The district court granted the motion, dismissing Melissa's complaint with prejudice. She appeals.

█ A motion to dismiss under Rule 12(b)(6) for failure to state a claim must be read in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim and calls for "a short and plain state-ment of the claim showing that the pleader is entitled to relief" and a demand for relief. I.R.C.P. 8(a)(1), (2). As with a motion under Rule 8(a), every reasonable intendment will be made to sustain a complaint against a Rule 12(b)(6) motion to dismiss. *Idaho Comm'n on Human Rights v. Campbell*, 95 Idaho 215, 217, 506 P.2d 112, 114 (1973). A court may grant a motion to dismiss for failure to state a claim under Rule 12(b)(6) only "when it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." [1] *Wackerli v. Martindale*, 82 Idaho 400, 405, 353 P.2d 782, 787 (1960); *Ernst v. Hemenway and Moser, Co.*, 120 Idaho 941, 946, 821 P.2d 996, 1001 (Ct.App. 1991). It need not appear that the plaintiff can obtain the particular relief prayed for, as long as the court can ascertain that some relief may be granted. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 339 (1990). Whether the pleadings meet this liberal standard presents a question of law over which we exercise free review. *Ernst*, 120 Idaho at 945, 821 P.2d at 1000. We observe that, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which the plaintiff includes allegations showing on the face of the complaint that there is some insurmountable bar to relief. WRIGHT & MILLER, *supra*, § 1357, at 344–45.

█ Once a divorce decree becomes final, it is *res judicata* with respect to all issues which were or could have been litigated. *See Compton v. Compton*, 101 Idaho 328, 333, 612 P.2d 1175, 1180 (1980). However, there exist various avenues for directly attacking a divorce decree. For example, a party may move the district court to amend the decree, or for a new trial, within fourteen days of the decree's entry. *See* I.R.C.P. 59(d) and 59(e). The

---

1. Rule 12(b)(6) provides that "If ... matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given [a] reasonable opportunity to present all material made pertinent to such a motion by Rule 56." No such matters were presented to the court in this case, and thus the motion was not treated as one for summary judgment. *Compare Ernst v. Hemenway and Moser, Co.*, 120 Idaho 941, 946, 821 P.2d 996, 1001 (Ct.App. 1991).

decree is also subject to appeal within forty-two days. I.C. § 13–201; I.A.R. 14(a). Moreover, where a party seeks to avoid the operation of a judgment on the basis of fraud, mistake, or other justifiable reason, I.R.C.P. 60(b) permits the court to set aside the judgment upon timely motion.

■ Rodney argues that Rule 60(b)[2] provides the exclusive method for setting aside a decree on grounds of misrepresentation, fraud, or other justifiable reason, and that the rule's six-month limitation precludes Melissa from asserting the same basis for relief one year later in the guise of an independent action. Rodney's argument is mistaken. Idaho courts have inherent power to entertain an independent action for equitable relief from a judgment. *Compton*, 101 Idaho at 334, 612 P.2d at 1181. This authority is not subject to I.R.C.P. 60(b) or its time restrictions. *See* I.R.C.P. 60(b) ("This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding...."); *Compton*, 101 Idaho at 334, 612 P.2d at 1181. Although an independent action must be brought within a "reasonable time," the pleadings before us do not demonstrate that an unreasonable period of time has elapsed since the entry of the decree.[3] *See Compton*, 101 Idaho at 334, 612 P.2d at

1181; *Gregory v. Hancock*, 81 Idaho 221, 237, 340 P.2d 108, 112 (1959). Therefore we cannot say, at this stage in the litigation, that the passage of time prevents Melissa from bringing an independent action for equitable relief from the judgment.

■ Rodney further contends that the allegations in Melissa's complaint, even if true, do not demonstrate a sufficient degree of fraud to state a claim for equitable relief. We recognize that an independent action in equity is a most unusual remedy, "available only rarely and under the most exceptional circumstances" and will lie only in the presence of an extreme degree of fraud or overreaching. *Compton*, 101 Idaho at 335, 612 P.2d at 1182; *Sande v. Sande*, 83 Idaho 233, 235, 360 P.2d 998, 999 (1961). Whether the degree of fraud or overreaching is sufficient to justify the equitable relief sought depends on the particular facts and requires an assessment of the nature of the parties' relationship and the character of the actual conduct involved. *Compton*, 101 Idaho at 335, 612 P.2d at 1182; *McDonald v. Barlow*, 109 Idaho 101, 103, 705 P.2d 1056, 1058 (1985). Admittedly, the complaint's allegations appear weak and it is questionable whether Melissa will be able to sustain her burden of showing the requisite degree of misconduct.[4] However, a Rule 12(b)(6) motion is

---

**2.** Idaho Rule of Civil Procedure 60(b) provides: On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) *fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;* (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time, and for reasons (1), (2), (3) and (6) not more than six (6) months after the judgment, order, or proceeding was entered or taken....* This rule does not limit the power of a court to entertain an indepen-

dent action to relieve a party from a judgment, order or proceeding, or to set aside, as provided by law, within one (1) year after judgment was entered, a judgment obtained against a party who was not personally served with summons and complaint either in the state of Idaho or in any other jurisdiction, and who has failed to appear in said action, or to set aside a judgment for fraud upon the court. [Emphasis added.]

**3.** On a motion to dismiss for failure to state a claim, a court may only consider those facts appearing in the complaint, supplemented by those facts of which the court may properly take judicial notice. *Hellickson v. Jenkins,* 118 Idaho 273, 796 P.2d 150 (Ct.App.1990).

**4.** In his motion to dismiss, Rodney did not contend that Melissa's action constituted a claim directly against him based on a theory of fraud which she failed to plead with the particularity required by I.R.C.P. 9(b), as compared with an equitable action predicated on fraud seeking to set aside the property division in the divorce

not the proper procedure for resolving a contest about the facts or the merits of the case; the motion for summary judgment provides a more expeditious and effective procedure for quickly terminating an action that does not appear to entitle the plaintiff to relief on its substantive merits. *See* I.R.C.P. 56; WRIGHT & MILLER, *supra*, § 1357, at 343–44. Rather, the purpose of a Rule 12(b)(6) motion is to test the formal sufficiency of the statement of the claim for relief. WRIGHT & MILLER, *supra*, § 1356, at 294–98; *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) (discussing identically-worded federal rule).

■ Applying the liberal pleading standards governing our review of an order granting a motion to dismiss under Rule 12(b)(6), we cannot say beyond a doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Wackerli v. Martindale*, 82 Idaho at 405, 353 P.2d at 787. Accordingly, we reverse the order dismissing the complaint. The case is remanded to the district court for further proceedings. Costs to appellant. No attorney fees are awarded on appeal.

SWANSTROM and SILAK, JJ., concur.

decree. Nor did the district court resort to Rule 9(b) in deciding to dismiss Melissa's complaint with prejudice, foreclosing her from amending the complaint to assert her claim with any greater particularity.